```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA

MARIO GARCIA,                        )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )    No. CIV-10-263-FHS
                                     )
UNITED PARCEL SERVICE, INC., (Ohio)  )
Et. Al.,                             )
                                     )
         Defendant.                  )
```

# Order

Upon consideration of the Motion for Summary Judgment filed herein by Defendant, United Parcel Service, Inc., for judgment in its favor on Plaintiff's claim for Title VII hostile work environment, racial harassment, retaliation and alleged common law negligent supervision/training the court concludes that genuine issues of material fact are present in the case including, but not limited to, whether the conditions of plaintiff's employment were sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment. Further, the court finds there are genuine issues of material fact as to whether the defendant exercised reasonable steps to prevent and correct the harassing behavior once they were informed of it. The court also finds there is a fact issue as to whether the plaintiff suffered from a materially adverse act so as to support a retaliation claim. Finally, the court finds there is a factual dispute concerning material facts regarding plaintiff's negligent hiring, supervising and retention claim. Summary judgment is therefore inappropriate and said motion should be overruled as to these issues. Fed. R. Civ. P. 56; see, e.g., Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986).

Defendants also argue plaintiff cannot prevail on his claims against his individual supervisors. This may be true under Title VII, but plaintiff has also alleged a cause of action pursuant to 42 U.S.C. Sec. 1981 and under this provision, individual liability can be found if there is a sufficient amount of personal participation by the individual. Allen v. Denver Public School Board, 928 F.2d 978, 983 (10th Cir. 1991), overruled on other grounds, Kendrick v. Penske Transportation Services, Inc., 220 F.3d 1220, 1228 (10th Cir. 2000). The court finds there are genuine issues of material fact as to the liability of the individual supervisors. Accordingly, the defendants' motion for summary judgment on this claim is also denied.

Finally, defendants argue that plaintiff is not entitled to recover damages for lost wages after January 18, 2010. The court finds there are genuine issues of material fact which would preclude a decision on this issue at this point in the litigation. Accordingly, defendants' request for an entry of summary judgment on this claim is also denied at this time.

In their Response to the Defendants' Motion for Summary Judgment the plaintiff conceded his claims under the Fifth and Fourteenth Amendments were not viable. As a result, the court dismisses these two claims.

It is so ordered this 3rd day of August, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma